SAMUEL BAROTZ & CO. *v.* UNITED STATES

No. 6128.—Invoice dated Nassau, Bahamas, B. W. I., February 1943.
    Certified February 1943.
    Entered at New York, N. Y., March 2, 1943.
    Entry No. 720537.

(Decided April 10, 1945)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster* and *Samuel D. Spector*, special attorneys), for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement involves the valuation of a shipment of sea shells exported from Nassau, Bahamas, B. W. I., on February 3, 1943. Two items of merchandise are involved. One item, described on the invoice as "30 inch Strands Tipped Pointer Shells," was invoiced and entered at £0–4–0 per dozen and was appraised at $1.20 per dozen net packed. The other item,

described on the invoice as "30 inch Strands—White Pointers," was invoiced and entered at £0–3–0 per dozen, and was appraised at $0.96 per dozen net packed. On the invoice, three charges were added to the above-mentioned prices, but they were deducted on entry as being nondutiable. Said charges were 7½ per centum purchasing commission, freight charges, and consular charges.

Defendant's exhibit 7, a report by Harry M. Walsh, customs agent, states:

FOREIGN VALUE.

All persons interviewed advised that this merchandise is not sold in wholesale quantities for domestic consumption. Such records as are available disclosed no evidence of such sales during the period of the investigation.

Accordingly, there can be no foreign value as such value is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, and the next consideration is directed toward the existence or absence of an export value, as defined in section 402 (d) of the Tariff Act of 1930.

Samuel Barotz, a partner in the plaintiff firm, testified that he had attended to the buying of this merchandise and that he did so through one Maudie Vera Roberts who represented his firm as a commissionaire. She was paid a commission of 7½ per centum for her services. He stated that he also did business through another commissionaire on the same terms.

The witness Roberts testified that she was a commission agent and that she purchased these shells for S. Barotz & Co. and that she secured a great amount of them from one Carlton Underwood. She received a commission of 7½ per centum and paid the invoice unit prices. When she bought from said Underwood, she paid him 5½ per centum for packing the merchandise and delivering same to the boat.

Milo B. Butler, called by the plaintiff, testified that he was a merchant and commissionaire in Nassau dealing in this merchandise; that he sold for his mother and also bought for S. Barotz & Co. on a commission basis; that he bought the "white pointers" at £0–3–0 per dozen during this period; that the price does not depend upon quantity purchased, and that in the ordinary course of trade anyone could buy at the same price.

The record establishes that this merchandise is freely offered for sale to all purchasers in Nassau, the principal market, and that prices are the same regardless of the quantities purchased. Insofar as is disclosed by this record, the above-mentioned methods of dealing in this merchandise do not appear to be outside the scope of the ordinary course of trade of buying and selling said merchandise.

The evidence as to the cost of packing is not so definite.

Mrs. Roberts testified that when she bought through Underwood she paid him 5½ per centum for packing and delivery to the boat

Exhibit 1, part of defendant's exhibit 7, contains a photostatic copy of a memorandum referring to the instant shipment, purported to have been sent by Mrs. Roberts to Underwood settling for this merchandise, which reads:

|  | | |
|---|---|---|
| 325 @ 4/– | 65–0–0 | |
| 1534 @ 3/– | 230–2–0 | |
|  | 295–2–0 | |
| 5½% for packing | 16–4–6. | |
|  | £311–6–6 | |

The consular invoice herein also contains a statement calling attention to the fact that the casing and packing charges are included in the item invoiced as 7½ per centum purchasing commission.

I am convinced, from the entire record herein, that the proper basis for the determination of the value of the merchandise here involved is the export value, as such value is defined in section 402 (d) of the Tariff Act of 1930, and that such values are the entered values, plus 5½ per centum packing.

Judgment will be rendered accordingly.